UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EMMA FEQUIERE,

            Plaintiff,

     - against -

TRIBECA LENDING; ROSICIKI & ROSICKI;
FRANKLIN CREDIT MANAGEMENT CORP.;
GERALD GARDENER WRIGHT &
ASSOCIATES; GERALD GARDENER
WRIGHT; individually and in his official capacity
as referee; OCWEN FINANCIAL; LITTON
LOAN SERVICING; USA BANK; VANTIUM
REO CAPITAL MARKETS; BERKMAN,
HENOCH, PETERSON, PEDDY & FENCHEL,
P.C.,

            Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

14-CV-0812 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

       This *pro se* action arises out of a foreclosure of plaintiff's property ("21 Howard Street") located in Nassau County, New York. Plaintiff ("Fequiere") argues that this foreclosure, and the consequential impending eviction, was wrongful, and seeks a preliminary injunction and temporary restraining order ("TRO") that includes: 1) an "Order of Protection" for 21 Howard Street; and 2) a "Stay Away" order prohibiting the defendants from posting notices on the door of that property. (*See* Order to Show Cause, Doc. No. 1.) Fequiere also seeks the issuance of a $385,000 surety bond posted by the defendants, and a TRO preventing defendant Gerald Wright ("Wright") from contacting or harassing her. *Id.* In later filings, Fequiere requests that the Court strike defendant Tribeca Lending's ("Tribeca") answer and disqualify its counsel, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C. ("BHPPF") due to a perceived ethical conflict, and

issue a TRO staying any discovery until these requests were answered. (*See* Mot. to Strike Ans. and Disqualify Counsel, Doc. No. 22; Mot. for TRO, Doc. No. 27.)

Plaintiff's motions were addressed in a Report and Recommendation ("R&R") of the assigned Magistrate Judge, the Honorable Lois Bloom, and Fequiere timely filed objections thereto; defendants responded to those objections. (*See* Doc. Nos. 39–40.) For the purposes of this Memorandum and Order, the Court presumes familiarity with the R&R as well as the facts and relevant history of this case.

For the reasons that follow, this Court adopts Magistrate Judge Bloom's R&R in its entirety, and overrules Fequiere's objections in their entirety.

## DISCUSSION

At the outset, the Court notes that a *pro se* plaintiff's submissions are read liberally, and interpreted as raising the strongest arguments they suggest. *See Niles v. Wilshire Inv. Group, LLC*, 859 F. Supp. 2d 308, 332 (E.D.N.Y. 2012). However, the district court cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, nor does *pro se* status exempt that party from complying with the relevant rules of procedural and substantive law. *See New v. Ashcroft*, 293 F. Supp. 2d 256, 257 (E.D.N.Y. 2003).

In the R&R, Magistrate Judge Bloom denied or recommended the denial of each of Fequiere's requests. Fequiere objects to the R&R, urging that Magistrate Judge Bloom incorrectly denied the motion to strike Tribeca's answer and to disqualify BHPPF. Fequiere also objects, in turn, to Magistrate Judge Bloom's recommendation to deny her request for a TRO staying discovery pending the disqualification of BHPPF. As these objections were made properly under Fed. R. Civ. P. 72, the Court reviews these portions of the R&R *de novo*. *See* 28 U.S.C. § 636(b); *Mero v. Prieto*, 557 F. Supp. 2d 357, 361 (E.D.N.Y. 2008). All other portions

of the R&R are reviewed for clear error. *See id.; Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011).

I.     **Requests for Injunctive Relief**

Fequiere's original complaint was filed together with requests for injunctive relief. However, as Magistrate Judge Bloom noted, Fequiere proposed entirely different causes of action in filing her first amended complaint. (*Compare* Order to Show Cause, Doc. No. 1 *with* First Am. Compl., Doc. No. 36.) For this reason, the Court adopts the recommendation of the R&R, and Fequiere's original request for injunctive relief is denied as moot as it is directed to wholly different claims.

Moreover, as correctly noted by the Magistrate Judge, Fequiere's original request for injunctive relief falls short of the Second Circuit standard. A plaintiff seeking a preliminary injunction or a TRO must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits . . . and a balance of hardships tipping toward the party requesting preliminary relief." *Christian Louboutin S.A. v. Yves Saint Laurent America Holding, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012) (internal quotations and citations omitted). *See also Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."). Fequiere's request challenges a final state court judgment of foreclosure – an action that is prohibited by the Rooker-Feldman doctrine, which holds that a federal district court lacks subject matter jurisdiction over "any claim that 'directly challenges' or is 'inextricably intertwined with' a prior state court decision." *Latino Officers Ass'n v. City of New York*, 253 F. Supp. 2d 771, 778 (S.D.N.Y. 2003) (internal citations omitted). As a result,

Fequiere can show no serious questions going to the merits of her action, much less a likelihood of success.[1]

Fequiere object to this portion of the R&R. It is therefore reviewed for clear error. *See Mero*, 557 F. Supp. 2d at 361; *Price*, 797 F. Supp. 2d at 223. Finding none, this Court adopts Magistrate Judge Bloom's well-reasoned conclusions and denies injunctive relief.

## II. Motion to Strike Answer

Fequiere moves to strike Tribeca's Answer, arguing that it is a "constructed fabrication," and that Tribeca should not be allowed to state that she did not live at 21 Howard Street in 2007. (See Mot. to Strike, Doc. No. 22 at 9.) First, Fequiere has, with the permission of Magistrate Judge Bloom, filed two amended complaints. (See Doc. Nos. 36, 42.) As a result, Tribeca's Answer to her original complaint, to which this motion is directed, is inoperative, and her motion to strike Tribeca's Answer is moot. *See, e.g.*, *Thompson v. Pallito*, 949 F. Supp. 2d 558, 582 (D. Vt. 2013) (finding that pending motions addressed to the original complaint are generally regarded as moot upon the filing of an amended complaint).

Moreover, Rule 12(f) of the Federal Rules of Civil Procedure allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As she correctly states, in order to prevail on a motion to strike under Rule 12(f), the movant must show that: "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *See Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (citation and internal quotations omitted). However, as Magistrate Judge Bloom aptly noted, "simply

---

[1] Plaintiff does not address the irreparable harm that would be done if she is denied injunctive relief. Even if Plaintiff could show irreparable harm, absent any legitimate question on the merits, she cannot meet the standard for a preliminary injunction or a TRO.

disagreeing with a statement in Tribeca's answer is not a proper basis for striking the answer." (Doc. No. 39 at 6.) *See Jamison v. Fischer*, No. 11-CV-4697 (RJS), 2012 WL 4767173, at *7 (S.D.N.Y. Sept. 27, 2012) (noting that disagreement with defendants' account of the facts is not a basis for striking an answer).

Fequiere objects to Magistrate Judge Bloom's denial of her motion to strike on three grounds. She first argues that Tribeca's statement that she did not live at 21 Howard Street is not admissible evidence. (*See* Doc. No. 40 at 2.) Fequiere then objects on the ground that the "inclusion of redundant and or legally baseless affirmative defenses create palpable prejudice to the plaintiff, requiring significant time and resources that the Court has already resolved."[2] (*Id.* at 3.) Lastly, she objects to the denial of her motion, arguing that Tribeca's statement must include some factual support. (*Id.* at 3–4.) None of these arguments have merit.

As the Magistrate Judge correctly described, Fequiere's residency at 21 Howard Street forms "the crux of this matter." (Doc. No. 39 at 3.) Allowing Tribeca's statement to stand does not prejudice Fequiere, and there is little doubt that this action will involve proof on this issue. Contrary to Fequiere's contention, nothing in Fed. R. Civ. P. 8(b) or 8(c) prohibits such a statement. Further, a purely factual statement like the one at issue does not qualify as the type of "bare bones conclusory allegation[]" that Fequiere claims it to be. *Cf. Sun Microsystems, Inc. v. Versata Enterprises, Inc.*. 630 F. Supp. 2d 395, 408 (D. Del. 2009). As the statement is not encompassed under the Rule 12(f) standard, Fequiere's objections are without merit, and the motion to strike is properly denied.

### III. Motion to Disqualify Tribeca's Attorney

Lastly, Fequiere moves to disqualify Tribeca's attorney, BHPPF, because BHPPF represented her in a prior, unrelated litigation. Fequiere and Tribeca agree that BHPPF

---
[2] As defendants note, "the Court has not resolved any of the issues in this case." (Reply, Doc. No. 49 at 4.)

represented her in a prior matter involving her child's classification by the Malverne School District's Committee on Special Education in 2003. She asserts that BHPPF knew, during the prior representation, that she resided at 21 Howard Street, and calls Tribeca's statement that she does not live at 21 Howard Street "a direct conflict of interest." (Pl. Objection, Doc. No. 40 at 5.) Fequiere further asserts that BHPPF had knowledge of her romantic relationship with Wright. (*See id.* at 7.) With respect to BHPPF's prior representation of Fequiere, "Tribeca asserts that the matter concluded in 2003; the file was destroyed in compliance with the firm's standard documentation retention/destruction policy; the matter was handled by Rozlyn Roth, an associate who left the firm several years ago; and no attorney at BHPPF has any recollection of the case or any knowledge of the alleged relationship between plaintiff and Gerald Wright." (Doc. No. 39 at 7.)

In assessing a motion to disqualify counsel, the Court must "balance a client's right freely to choose [her] counsel against the need to maintain the highest standards of the profession." *Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (internal quotations and citations omitted). However, it is well-established that "motions to disqualify opposing counsel are viewed with disfavor in this Circuit because they are often interposed for tactical reasons and result in unnecessary delay." *Gabayzadeh v. Taylor*, 639 F. Supp. 2d 298, 300 (E.D.N.Y. 2009) (internal quotations and citations omitted). Disqualification of an attorney is therefore only imposed "upon a finding that the presence of a particular attorney poses a significant risk of trial taint." *Id*. at 301. One such form of taint can be found in a situation of successive representation similar to what is acknowledged here – "when an attorney places himself in a position where he could use a client's privileged

information against that client." *Hempstead Video*, 409 F.3d at 133. In these cases, "an attorney may be disqualified if:

    1) the moving party is a former client of the adverse party's counsel;

    2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and

    3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client."

*Id.* (internal citation omitted).

In recommending denial of the motion to disqualify, Magistrate Judge Bloom found that Fequiere failed to establish the second and third elements of this test. As the Magistrate Judge wrote, "[w]hether or not the Malverne School district improperly denied plaintiff's son special education services in 2003 has nothing to do with the foreclosure and sale of plaintiff's property in 2013 or the denial of a loan modification in 2007. Moreover, even though plaintiff claims that BHPPF is 'aware' that plaintiff lived within the Malverne School District and that Wright is her spurned ex-boyfriend, that information is not privileged." (Doc. No. 39 at 8.) Magistrate Judge Bloom therefore recommended denial of Fequiere's motion to disqualify BHPPF, as well as her request for a TRO seeking a stay of discovery pending BHPPF's disqualification.

Fequiere objects to this portion of the R&R at length. However, she still falls short of the Second Circuit standard for disqualification. While there is no dispute that there exists a prior attorney-client relationship, Fequiere cannot demonstrate any substantial connection between the subject matter of BHPPF's prior representation of her and the subject matter of its current representation of Tribeca. As Magistrate Judge Bloom stated, neither the foreclosure and sale of Fequiere's property in 2013 nor the denial of a loan modification in 2007 have anything to do with litigation surrounding her child's school district. In response, Fequiere only offers that her

relationship with BHPPF "was a substantial relationship that lasted over 4 years." (Pl. Objection, Doc. No. 40 at 6.) However, the Second Circuit requires that the *subject matter* of the representations be substantially related – not that the movant have a substantial relationship to adverse counsel. Further, as Magistrate Judge Bloom noted, none of the information that BHPPF gained access to through its prior representation of Fequiere qualifies as "relevant privileged information." *Hempstead Video*, 409 F.3d at 133. In fact, as Judge Bloom noted, "[Fequiere's] residence at 21 Howard Street is the basis for another federal case pending before this Court, and [she] has repeatedly cited her relationship with Wright in public documents as the taint on the state court proceedings she challenges herein." (Doc. No. 39 at 8.)[3] As Fequiere does not meet the requisite standard for disqualification, her objections are overruled.

Because the Court has denied Fequiere's request to disqualify BHPPF, it also adopts Magistrate Judge Bloom's recommendation to deny her request for a TRO seeking a stay of discovery pending BHPPF's disqualification.

## CONCLUSION

Having reviewed *de novo* those portion of Judge Bloom's R&R to which Fequiere objects, and having reviewed all remaining portions of the R&R for clear error pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, the Court finds Fequiere's objections to be without merit, finds no clear error in the R&R, and adopts the R&R in its entirety. *See Covey*, 481 F. Supp. 2d at 226.

Accordingly, Fequiere's motions to strike Tribeca's answer and disqualify Tribeca's counsel (Mot. to Strike Ans. and Disqualify Counsel, Doc. No. 22; Mot. to Strike Tribeca's

---

[3] Plaintiff further objects that BHPPF gained "disqualifying information" under Rule 1.18(c) of the New York Code of Professional Conduct. But Rule 1.18(c) states, in relevant part, "[a] lawyer . . . shall not represent a client with interests materially adverse to those of a prospective client *in the same or a substantially related matter* if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter." N.Y. Comp. Codes R. & Regs. Tit. 22, § 1200.0 (emphasis added). As BHPPF's representation of Plaintiff was not in a matter substantially related to the denial of her loan modification or the foreclosure and sale of her property.

Opp'n, Doc. No. 30), and Fequiere's motions for injunctive relief (Mot. for Prelim. Inj., Doc. No. 1; Mot. for TRO, Doc. No. 27) are denied in their entirety.

The Clerk of Court is directed to transmit a copy of this Memorandum and Order to the plaintiff *pro se* via U.S. Mail, and note the mailing on the docket.

This case is recommitted to Magistrate Judge Bloom for all pretrial proceedings.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      March 20, 2015
                                    _____
                                    ROSLYNN R. MAUSKOPF
                                    United States District Judge